IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SANDRA K. SLAYMAKER,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>MICHAEL J. ASTRUE, in his capacity as Commissioner of the Social Security Administration,<br><br>Defendant. | MEMORANDUM OPINION<br>AND ORDER<br><br><br><br>Case No. 2:05-CV-956 |

On November 16, 2005, Plaintiff Sandra Slaymaker filed a complaint seeking review of the decision of the Social Security Commissioner denying her application for social security disability benefits.  The Court then referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B).  On August 28, 2007, Judge Alba issued his Report and Recommendation, for which Plaintiff filed a timely objection.  Having considered the parties' briefs, the administrative record, and the relevant law, the Court ADOPTS the Report and Recommendation.

## STANDARD OF REVIEW

In determining whether to adopt or reject a Report and Recommendation of a magistrate judge, the reviewing court "must make a de novo determination" of any portion of the report to which the plaintiff has properly objected to. *See* 28 U.S.C. § 636(b). A "de novo review requires the [Court] to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995). The Court's review, therefore, will focus on the entire record herein.

With regards to the Commissioner's final decision, the Social Security Act provides that a reviewing court must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The reviewing court "may neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

## LEGAL STANDARDS

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d); *see Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002) (providing that both impairment and inability to work must last twelve months). The claimant's impairments must be

of such severity that she is not only unable to perform past relevant work, but cannot,

considering her age, education, and work experience, engage in any other substantial gainful

work existing in the national economy.  *Id.*; 20 C.F.R. §§ 404.1520, 416.920.

The Commissioner has established a five-step sequential process to evaluate whether a

claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; *Allen v. Barnhart*, 357 F.3d 1140, 1142

(10th Cir. 2004).  "If a determination can be made at any of the steps that a claimant is or is not

disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844, 748,

750 (10th Cir. 1988).

Step one of the evaluation process provides that a claimant who is engaged in substantial

gainful activity since the alleged onset is not disabled.  20 C.F.R. § 404.1520(b).  If the claimant

is not engaged in substantial gainful activity, then the decision maker must proceed to step two

to determine whether the claimant has an impairment or combination of impairments severe

enough to limit her ability to do basic work activities.  20 C.F.R. § 404.1520(c).

A finding of severe impairment leads the decision maker to step three to determine

whether the claimant's impairment meets the durational requirement and is listed in Appendix 1

of Subpart P, 20 C.F.R. § 404, or is equal to a listed requirement.  *See* 20 C.F.R. § 404.1520(d).

If the claimant's impairment, or the equivalent thereof, is listed, the claimant is presumed to be

disabled.  *See id.*  If the impairment is not listed, the decision maker proceeds to step four.  At

step four, the decision maker looks to determine whether the claimant is able to perform any of

her past relevant work.  If the claimant is able to perform such work, she is deemed not to be

disabled.  *See id.* § 404.1520(e), (f).

If the claimant is unable to perform past relevant work, the decision maker turns to step five.  At this final step, where the claimant's impairment is so severe that it precludes her from performing work she has done in the past, she is deemed disabled unless it can be established that "the claimant retains the capacity 'to perform an alternative work activity and that this specific type of job exists in the national economy.'" *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984); *see also* 20 C.F.R. § 404.1520(g).

## BACKGROUND

On December 19, 2002, Plaintiff filed her application for Disability Insurance Benefits under Title II of the Social Security Act.  42 U.S.C. §§ 401-433.  (Tr. at 18.)   Plaintiff alleges that she became disabled on February 16, 2001, due to: residual pain from an automobile accident that occurred in 1970; arthritis; back, shoulder, and knee pain; problems with equilibrium; high blood pressure; and anxiety. (Tr. at 118-19.)  Plaintiff was forty-eight years old on the date she alleges she became disabled and was fifty-two years old on the date of the ALJ's decision.  Plaintiff has a high school education and previously worked as a school bus driver and sheet metal worker.  (Tr. 18).

A hearing was held on March 30, 2005, before Administrative Law Judge Kathleen Switzer.  By written decision, dated April 19, 2005, the ALJ determined that Plaintiff is not disabled within the meaning of the Social Security Act.  Specifically, the ALJ determined that while Plaintiff had a number of impairments that could be classified as "severe," none of these impairments were "'severe' enough to meet or medically equal, either singly or in combination,

4

one of the impairments listed in Appendix 1 [of] Subpart P," 20 C.F.R. § 404.  (Tr. 21).

Thereafter, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: she needs the option to alternate between sitting or standing; she can never climb ladders, ropes or scaffolds; and she has mild impairment in maintaining concentration.  (Tr. at 25.)  The ALJ concluded that with these limitations, Plaintiff could not perform her past relevant work.  (Tr. at 26.)  The ALJ did find, however, that considering Plaintiff's "age, educational background, work experience, and residual functional capacity, she is capable of making a successful adjustment to work that exists in significant numbers in the national economy."  (Tr. at 27).  Therefore, the ALJ found Petitioner was not disabled within the meaning of the Act, and denied her application.  (Tr. at 27.)  On September 21, 2005, the Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's April 19, 2005, decision the Commissioner's final decision for purposes of judicial review.  (Tr. at 5).  *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 416.1481; *Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003).

## DISCUSSION

Plaintiff objects to the Report and Recommendation of Magistrate Judge Alba on several grounds.  First, Plaintiff alleges that the ALJ committed reversible error in failing to consider whether any of Plaintiff's impairments met any of the listings under category 4.00 for cardiovascular impairments.  Second, Plaintiff alleges that the ALJ committed reversible error in failing to include Plaintiff's anxiety and ADHD conditions in her list of "severe" conditions.  Third, Plaintiff alleges that the ALJ's residual functional capacity determination is not supported

by substantial evidence.  Finally, Plaintiff alleges that the ALJ committed reversible error by

failing to consider the combined effect of Plaintiff's many physical and mental impairments.

Plaintiff argues that because Judge Alba disregarded each of these errors, his Report and

Recommendation should not be adopted and the Court should reverse and/or remand the decision

of the ALJ.  The Court addresses these arguments seriatim.

        1.      **Failure to Consider a Listing Under Category 4.00**

In step three of the five-step sequential process the ALJ is to determine whether a

claimant's impairment meets the durational requirement and is listed in Appendix 1 of Subpart P,

20 C.F.R. § 404, or is equal to a listed impairment.  Failure to  "identify the listing or listings

relevant to the claimant's impairment, discuss the evidence regarding those listings, and give

reasons for the conclusion that claimant's condition does not meet or equal those listings"

constitutes reversible error.  *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  Relying on

*Clifton* and its progeny, Plaintiff argues that the ALJ committed reversible error because she did

not consider any of the listings under Category 4.00 for cardiovascular impairments, despite

extensive evidence in Plaintiff's medical records of heart conditions.  Specifically, Plaintiff

argues that the ALJ's failure to discuss and give reasons why Plaintiff's condition may or may

not meet or equal Listing 4.07 for valvular regurgitation is reversible error. *See Dye v. Barnhart*,

180 Fed. Appx. 27, 29 (10th Cir. 2006) (holding that a one sentence conclusion that the

requirements for a listed impairment are not met, without any discussion of the medical

evidence, is reversible error).

While the Tenth Circuit requires ALJ's to sufficiently develop the administrative record and their findings to permit a meaningful review, it does not require the specificity sought by Plaintiff in this case.  *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005).  The Tenth Circuit has provided that where the "ALJ's confirmed findings at [other steps] of [her] analysis, coupled with the indisputable aspects of the medical record, conclusively preclude [Plaintiff's] qualification under the listing at step three . . . any deficiencies in the ALJ's articulation of [her] reasoning to support [her] step three determination is harmless."  *Id*. at 735.

In the present case, the ALJ's findings in step four of her analysis "conclusively negate the possibility of any finding that [Plaintiff] is presumptively disabled under [Listing 4.07]."  *Id*.  In order to meet the listing requirements of 4.07, the alleged impairment must be evaluated under Listing 4.02, which provides:

> 4.02 *Chronic heart failure* while on a regimen of prescribed treatment ....  With one of the following:
>         A.  Documented cardiac enlargement by appropriate imaging techniques ..., resulting in inability to carry on any physical activity, and with symptoms of inadequate cardiac output, pulmonary congestion, systemic congestion, or anginal syndrome at rest (e.g., recurrent or persistent fatigue, dyspnea, orthopnea, anginal discomfort) ....

20 C.F.R. Appendix 1, Pt. 404, Subpt. P, App. 1, Listing 4.02.  The record is void of evidence that would support a finding under this Listing.

The ALJ's findings in step four include that on October 18, 2000, Mark H. Keep, M.D., found that Plaintiff had aortic insufficiency which would possibly require surgery in the near future.  (Tr. at 23).  Nine months later, however, on July 19, 2001, Dr. Todd E. Eberhard, M.D., found that Plaintiff "exhibited a normal chest and there was no clubbing, cyanosis, erthyema or

edema observed."  (Tr. at 23).  Dr. Eberhard concluded that Plaintiff "did not have any evidence

of serious and decompensating cardiovascular disease."  (Tr. at 23).  The ALJ goes on to explain

that on February 17, 2004, "the [Plaintiff] underwent a myocardial perfusion scan which was

found to be normal ...."  (Tr. at 24).  And on Feburary 15, 2005 the Plaintiff "underwent an

echocardiogram which revealed normal left ventricular ejection fraction, left atrial enlargement,

aortic valve stenosis with moderate degree or aortic insufficiency, mild thickening of the mitral

leaflets with mild degree of mitral regurgitation, and mild tricuspid regurgitation."  (Tr. at 24).

Although Plaintiff's medical records support her contention that she suffers from heart

conditions that cause her fatigue and chest pain, her medical records do not indicate that Plaintiff

has symptoms of inadequate cardiac output, pulmonary congestion, systemic congestion, or

anginal syndrome as required to meet the requirements of Listing 4.07.  While it would have

been better for the ALJ to have stated the specific listings she considered, and to have identified

specific criteria which were not met for each listing, the decision is sufficiently clear and detailed

to establish that Plaintiff did not meet or equal Listing 4.07.  Accordingly, the Court finds no

reversible error in the ALJ's step three determination.

### 2.      Failure to Include Plaintiff's Anxiety and ADHD on the List of "Severe" Conditions

Second, Plaintiff argues that the ALJ's decision to not include Plaintiff's anxiety and

ADHD as additional severe impairments is not supported by substantial evidence, and thus

constitutes reversible error.  Plaintiff bears the burden to present evidence that she has a

medically severe impairment.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 & n.5 (1987).  The

Tenth Circuit has stated that this requires a claimant to "show more than the presence of a

condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). "Presumptively, if the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, ... the impairments do not prevent the claimant from engaging in substantial gainful activity." *Id*.

Plaintiff has not met this burden. While Plaintiff has cited several instances in the record where she has been diagnosed and treated for anxiety and has also made reference to her February 13, 2004, visit to Scott Hollingshead, APRN, in which Plaintiff was diagnosed with ADHD, she has done nothing to show that these impairments are more than a condition or ailment. In other words, Plaintiff has not shown that these impairments prevent her "from engaging in substantial gainful activity." *Id*.

In contrast, the ALJ has shown by substantial evidence that these impairments do not arise to the level of "severe" under the Social Security Act. The ALJ addressed each of the diagnoses presented by Plaintiff–including the ADHD diagnosis, despite the fact that as a nurse Mr. Hollingshead was not an acceptable medical source to make such a diagnosis under the regulations, *see* C.F.R. § 404.1513(a)–and found by substantial evidence that none of these impairments were severe. (Tr. at 20, 24). For example, the ALJ's written decision provides:

> On February 13, 2004, Scott Hollingshead, APRN, assessed the claimant. Upon presentation, the claimant complained of more anxiety and that her medication was not working as well. However, during examination, the claimant was alert and oriented, her affect was appropriate, her speech was <u>normal</u>, her insight and judgment were <u>good</u>, and she demonstrated <u>no suicidal ideation</u>. On May 12, 2004, her appearance was casual, her behavior was within <u>normal</u> limits, and she <u>had not demonstrated suicidality</u>. In his report following a 60-minute evaluation, Mr. Hollingshead concluded that claimant had a GAF [Global Assessment of Functioning Scale] score of 60 to 70, consistent with <u>moderate to mild</u> problems. His progress notes, from March 8, 2004 through February 15, 2005, indicate even

fewer problems with findings mostly "within normal limits" and her condition
consistently "improved."

(Tr. at 24) (citations omitted).

It is clear from the record that the ALJ's findings are supported by substantial evidence.

Furthermore, the evidence cited by Plaintiff does not provide the requisite information and

support to conclude that Plaintiff's anxiety and ADHD prevented her from "engaging in

substantial gainful activity." *Hinkle*, 132 F.3d at 1352. As a result, the Court rejects Plaintiff's

argument that the ALJ erred by failing to identify Plaintiff's anxiety and ADHD as severe

impairments.

> **3.     The ALJ's Residual Functional Capacity Assessment is not Supported by
> Substantial Evidence**

Residual Functional Capacity ("RFC") is defined as "the most you can still do despite

your limitations." 20 C.F.R. § 404.1545(a). Plaintiff argues that the ALJ's determination of her

RFC exceeds her capacities and is not supported by evidence from the record. Specifically,

Plaintiff argues that in determining her RFC, the ALJ did not properly account for Plaintiff's

mental impairments, did not properly develop the record with regards to her cardiovascular

condition, and did not give proper weight to her non-exertional limitations.

Plaintiff's argument is without merit. In determining Plaintiff's RFC, the ALJ cited to

both Plaintiff's testimony and the medical record. The ALJ addressed Plaintiff's mental

impairments, (Tr. at 24), which, as discussed above, were found not to limit Plaintiff's ability to

perform light work. The ALJ carefully set forth evidence in the record regarding Plaintiff's

cardiac conditions, which evidence was sufficient to make a determination. (Tr. at 23-24). And

the ALJ addressed all of Plaintiff's non-exertional limitations, including her depression, anxiety, ADHD, dizziness, fatigue, and hip and leg problems. (Tr. at 22 - 24).

After reviewing the ALJ's decision, the Court finds that the ALJ thoroughly reviewed Plaintiff's medical history, including each of Plaintiff's impairments, in determining Plaintiff's RFC.  Thus, the Court finds that the ALJ's RFC assessment is supported by substantial evidence.

4.    **Failure to Consider the Combined Effect of Plaintiff's Physical and Mental Impairments**

Finally, Plaintiff argues that the ALJ erred by failing to consider the combined effect of all of Plaintiff's impairments.  *See* 20 C.F.R. § 404.1523 ("In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.").  Plaintiff asserts that the ALJ's cursory statement that she found the symptoms from Plaintiff's "*impairments*" to not be severe enough to inhibit Plaintiff from working, falls short of the ALJ's duty to fairly evaluate the combined effect of all of Plaintiff's impairments.  (Tr. at 25) (emphasis added).

A review of the ALJ"s decision, however, indicates that the ALJ considered the combination of impairments as she was required to do.  In determining whether Plaintiff met the Listings, the ALJ stated: "The medical evidence indicates the claimant's impairments are 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal, either singly *or in combination* [sic] to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4."  (Tr. at 21) (emphasis added).  Furthermore, the ALJ's decision

11

was made after a "thorough review of the medical evidence of record, and the fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered." *Gooch v. Secretary of H.H.S.*, 833, F.2d 589, 592 (6th Cir. 1987); *see also Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) (holding that ALJ sufficiently considered impairments in combination where he separately discussed each impairment and made a finding that the "impairments did not prevent [claimant] from performing her past relevant work"). Thus, the Court concludes that after reviewing the ALJ's decision as a whole, the ALJ sufficiently considered the combined effect of all Plaintiff's impairments.

<u>CONCLUSION</u>

Having reviewed all relevant materials, including the parties' briefs, the administrative record, and the reasoning set forth in the magistrate judge's Report and Recommendation, the Court ADOPTS the Report and Recommendation and DISMISSES Plaintiff's case.

IT IS SO ORDERED.

Dated this 8th day of October, 2007.

Dee Benson

United States District Court Judge